1
2
3
4
5
6

## IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8
9
10
11
12
13
14

| | |
|---|---|
| Delbert Wauneka, | No. CV-14-00036-PHX-GMS |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

15      Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (Doc.

16  1.)  The Court referred the Petition to United States Magistrate Judge Boyle. (Doc. 31.)

17  Judge Boyle issued a Report and Recommendation ("R&R") recommending that the

18  Court deny and dismiss with prejudice Petitioner's Petition. (Doc. 37 at 18.)  The

19  Petitioner filed objections to the R&R on July 15, 2015. (Doc. 40.)  Respondents did not

20  file a response.  For the following reasons, the Court accepts the R&R and denies and

21  dismisses the Petition with prejudice.

22                                    **BACKGROUND**

23  **I.      Plea Agreement and Sentencing**

24      On June 14, 2005, the State indicted Petitioner on four counts: sexual abuse, a

25  class 5 felony (Count 1); attempted sexual abuse, a class 2 felony (Count 2); kidnapping,

26  a class 2 felony (Count 3); and aggravated assault, a class 6 felony (Count 4). (Doc. 23,

27  Ex. A.)  On October 13, 2006, Petitioner entered into a plea agreement. (Doc. 23, Exs. J,

28  K.)  Petitioner agreed to plead guilty to Counts 1, 2 and 3. (Doc. 23, Ex. K.)

On December 7, 2006, the court imposed a mitigated sentence of four years for Count 3 (kidnapping), to run concurrently with Petitioner's sentence in a prior matter (CR 2005-113881-001 DT).  (Doc. 23, Exs. Q, R at 25–26.)  For Counts 1 (sexual assault) and 2 (attempted sexual assault), the court placed Petitioner on concurrent terms of lifetime probation to run consecutively to his prison sentence on Count 3.  (*Id.*)  In August 2008, Petitioner completed his sentence on Count 3, and began his probation on Counts 1 and 2. (Doc. 23, Ex. KK at 3.)

## II.        Federal Petition for Writ of Habeas Corpus

On January 8, 2014, Petitioner filed the instant Petition for Writ of Habeas Corpus. (Doc. 1.)  Judge Boyle recommended that Petitioner's Petition be denied and dismissed with prejudice because the Petitioner filed his Petition after the pertinent one-year statute of limitations had elapsed, and Petitioner presented no basis for the application of statutory tolling, equitable tolling, nor sufficient evidence to merit an actual innocence exception under *Schlup v. Delo*, 513 U.S. 298 (1995).  (*Id.*)  After the Court granted him an extension, Petitioner filed his objections to the R&R on July 15, 2015.  (Doc. 40.) Respondents filed no response.

## DISCUSSION

### I.        Petitioner's Objections[1]

The R&R recommends denying and dismissing the Petition for untimeliness, since the Petitioner filed his Petition on January 8, 2014, yet AEDPA's one-year limitations period ended on March 8, 2008.[2]  (Doc. 37.)  Moreover, Judge Boyle found that Petitioner presented insufficient proof of statutory tolling, equitable tolling, or actual

---

[1] On October 23, 2014, Petitioner filed a Motion for Evidentiary Hearing (Doc. 32) and on December 22, 2014, Petitioner filed a Motion for Expansion of the Record (Doc. 33).  The R&R recommends denying the Petitioner's motions.  The Petitioner's objections ignore the R&R's recommendation on both motions, thus allowing the Court to adopt the R&R on those issues without review.  *See Thomas v. Arn*, 474 U.S. 140, 152 (1985).

[2] Petitioner does not object to the R&R's time calculation, thus, the Court adopts March 8, 2008 as the final date Petitioner could have timely filed his Petition.  (*See* Doc. 37 at 10–11.)

1  innocence.  (*Id.*)

2       In his objections, Petitioner does not contest the R&R's determination of
3  untimeliness.  Rather, Petitioner restates the arguments raised in his original Petition and
4  Reply to Respondent's Answer to his original Petition in support of the legal exceptions
5  to the timeliness issue.

6       Magistrate Judge Boyle, however, already fully and accurately addressed these
7  issues in his R&R.  (*See* Doc. 37.)  Rule 72(b) directs that a district judge "shall make a
8  de novo determination . . . of any portion of the magistrate judge's disposition to which
9  *specific written objection* has been made[.]"  *Id.* (emphasis added).  Petitioner failed to
10 object at all to the R&R's finding of no statutory tolling, and Petitioner only reargued his
11 previous points in support of equitable tolling.  Pursuant to Rule 72(b), the Court is
12 relieved of any obligation to review the R&R on these issues.  *See Thomas*, 474 U.S. at
13 149 (Section 636(b)(1) "does not . . . require any review at all . . . of any issue that is not
14 the subject of an objection."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th
15 Cir. 2003) (same).  The Court, therefore, accepts the R&R on these points, as it is well-
16 founded.

17              **A.    Actual Innocence**

18      In his objection, Petitioner also presented new evidence and arguments in support
19 of a finding of an actual innocence exception.  (*See* Doc. 40 at 3, 17.)  If a petitioner can
20 produce sufficient proof of his actual innocence, such a showing "serves as a gateway
21 through which [the] petitioner may pass . . . [the] expiration of [§ 2244(d)'s one-year]
22 statute of limitations."  *McQuinn v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (*citing Schlup*,
23 513 U.S. at 315–16); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (recognizing the
24 actual innocence exception to AEDPA's one-year statute of limitations under).  The
25 evidence of innocence must be "so strong that a court cannot have confidence in the
26 outcome of the trial unless the court is also satisfied that the trial was free of nonharmless
27 constitutional error."  *Schlup*, 513 U.S. at 316.  To prove constitutional error, the
28 Petitioner must present "new reliable evidence—whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.  The Court then "consider[s] all the evidence, old and new, incriminating and exculpatory," whether it be admissible at trial or not.  *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted); *Carriger v. Stewart*, 132 F.3d 463, 477–78 (9th Cir. 1997) (en banc).  On this complete record, the Court makes a "probabilistic determination about what reasonable, properly instructed jurors would do." *House*, 547 U.S. at 538 (internal quotation marks omitted) (citation omitted).  Realities are, however, that "[t]his is a high threshold that is rarely met."  *Lee*, 653 F.3d at 945. Here, Petitioner falls short.

In his objections, Petitioner for the first time presented the following evidence and raised the following argument in support of his actual innocence claim:

> As in this case Petitioner bears the burden of proof of actual innocence of the foregone charge that would have made the more serious offence by the mug shot of the alleged victim Carolyn Barton at the Maricopa County Jail in 2005-to-2006, and her mug shot in 2012 at www.corrections.arizona.com when she was in the Arizona Department of Corrections for drugs, clearly shows that she does not have a 2 inch long, 1 inch deep cut or scar on her face.  This proves the probable cause statement is false and Petitioners actual innocence of the foregone charge, that is newly discovered evidence, through the exercise of due diligence, of the Petitioner, after 8 years of recovery.  (Doc. 40 at 3; *see also id.* at 17 (same).)

Petitioner's new evidence does not satisfy the actual innocence standard.  Claims of actual innocence require the presentation of "new *reliable* evidence."  *Schlup*, 513 U.S. at 324 (emphasis added).  Even assuming, *arguendo*, that two mug shots separated by approximately 6–7 years constitute "new reliable evidence" to the existence or non-existence of a scar, the evidence does not make it "more likely than not that no reasonable juror viewing the record as a whole would lack reasonable double" of Petitioner's guilt.  *House*, 547 U.S. at 554.  Principally, Petitioner's new evidence only goes to the underlying "probable cause statement" and not to his commission of the crime.  As to the veracity of the probable cause statement, the significance of whether law enforcement properly described the existence or non-existence of a scar is far

outweighed by the many other conceded and incriminating facts in this case. (Doc. 37 at 2 (reciting facts from the presentence investigation report); *id.* at 5 (restating colloquy between Petitioner, Petitioner's Counsel, and the Court during Petitioner's October 13, 2006 plea agreement hearing).) Moreover, the victim herself, according to Petitioner's counsel, was ready, willing, and able to testify to the facts of the offense had the case gone to trial. (*Id.* at 5.)

After considering the whole record and the actual innocence exception's "high threshold[,]" the Court cannot conclude that "it is more likely than not that no reasonable juror would have convicted [Petitioner] in light of the new evidence." *Schlup*, 513 U.S. at 327. As such, the Court holds that Petitioner's Petition does not qualify for the actual innocence gateway, and thus, the Petition is time barred. The Court, therefore, adopts the R&R's recommendation on this issue as well.

**IT IS ORDERED:**

1.      Magistrate Judge Boyle's R&R (Doc. 37) is **ACCEPTED**.

2.      Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

3.      The Clerk of Court shall **TERMINATE** this action and enter judgment accordingly.

4.      Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 29th day of September, 2015.

Honorable G. Murray Snow
United States District Judge